Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Asher Bublick
for the United States Trustee
asher.bublick@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO.    25-30795-swe11** |
| | § | |
| **UPFRONT INVESTMENT, LLC,** | § | |
| | § | |
| *Debtor-in-Possession*. | § | |
| | § | |
| | § | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**

TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 (the "**United States Trustee**"),

moves to dismiss this case under 11 U.S.C. § 1112(b). In support thereof, the United States Trustee

would show:

**SUMMARY**

Upfront Investment LLC ("**Upfront**") is a chapter 11 small business pro se debtor. It is a

well-established legal principle that business entities such as Upfront cannot appear in a federal

court unless represented by a licensed attorney. Furthermore, as a pro se limited liability company,

a representative of Upfront was not permitted by local rules to sign the petition. Accordingly, this

case should be dismissed.

---

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**     **Page 1**

## JURISDICTION

1.      This Court has subject matter jurisdiction to determine this matter under 28 U.S.C. §§ 157(a) and 1334 and the order of reference of the United States District Court for the Northern District of Texas.

2.      A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A).

## FACTUAL AND PROCEDURAL HISTORY

3.      Upfront filed a voluntary chapter 11 bankruptcy petition for non-individuals on March 4, 2025, commencing case no. 25-30795-swe11 (the "**Petition**"). [ECF No. 1].

4.      Upfront self-identified as a small business debtor on its Petition. *Id.*

5.      On March 4, 2025, the Clerk's Office filed a deficiency notice which noted the following deficiencies:

- ☑ Debtor(s)' schedules A/B, D, E/F, G, H were not filed with the petition. The schedules must be filed **within 14 days** of the date of the filing of the petition (Bankruptcy Rule 1007(c)).
- ☑ Declaration Under Penalty of Perjury for Non−Individual Debtors (Official Form 202) **within 14 days** of the date of the filing of the petition.
- ☑ Debtor(s)' statement of financial affairs was not filed with the petition. The statement of financial affairs must be filed **within 14 days** of the date of filing of the petition (Bankruptcy Rule 1007(c)).
- ☑ Summary of Assets and Liabilities (Official Form 106Sum or 206Sum) not provided at the time of filing. Official Form 106Sum or 206Sum must be filed **within 14 days** of the date of the filing of the petition.
- ☑ Statement of Current Monthly Income must be provided **within 14 days** of the date of the filing of the petition.
- ☑ Cash flow statement must be provided **within 7 days** from the issuance of this notice.
- ☑ Statement of operations must be provided **within 7 days** from the issuance of this notice.
- ☑ Balance sheet must be provided **within 7 days** from the issuance of this notice.

[ECF No. 2].

6.      Upfront is a limited liability corporation with a principal place of business located at 5600 SMU Blvd, STE 3327, Dallas, Texas 75206. [ECF No. 1].

7.      The address for Upfront's principal place of business is a two-bedroom apartment. *See* Realtor.com, *5600 Smu Blvd Apt 3327, Dallas, TX 75206*, https://www.realtor.com/realestateandhomes-detail/5600-Smu-Blvd-Apt-

---

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**          **Page 2**

3327_Dallas_TX_75206_M91252-06829 (last visited March 4, 2025).

8.      The location of Upfront's principal assets is 5253 Bonita Avenue, Dallas, Texas

75206. [ECF No. 1].

9.      The address for Upfront's principal assets is a five-bedroom single family residence

built in 2024 that is currently listed for sale for $1,850,000. *See* Realtor.com,

https://www.realtor.com/realestateandhomes-detail/5253-Bonita-

Ave_Dallas_TX_75206_M76710-18148  (last visited March 4, 2025).

10.     According to the records of the Texas Comptroller of Public Accounts, Upfront is

an entity formed in the State of Texas with an active registration status with the Texas Secretary

of State.

11.     Upfront's Petition is signed by Diego Trujillo, as Managing Partner. [ECF No. 1 at

4].

12.     The Petition reflects that no attorney information is entered, nor has any attorney

signed the Petition, however, "TBA" is noted:

| 18. Signature of attorney | ✗ | | |
|---|---|---|---|
| | Signature of attorney for debtor | Date | MM / DD / YYYY |
| | T B A | | |
| | Printed name | | |
| | Firm name | | |
| | Number     Street | | |
| | City | State | ZIP Code |
| | Contact phone | Email address | |
| | Bar number | State | |

*Id.*

13.     Upfront has no attorney of record to advise it regarding the bankruptcy filing, and

it remains pro se as of this filing.

---

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**          **Page 3**

## LEGAL ANALYSIS

### A. *General discussion of burdens when dismissal or conversion is sought:*

1.      Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . .." 11 U.S.C. § 1112(b)(1).  Under § 1112(c), a court cannot convert a case to chapter 7 if the debtor is a non-profit corporation, but a court must still dismiss the case if cause is established. *Id.* § 1112(c).

2.      Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010).  If cause is established, the burden shifts to the debtor to prove that he or she falls within the §1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

### B. *Cause exists to dismiss this case because Debtor is a business entity without counsel*

14.      A corporate entity cannot appear in a federal court unless represented by a licensed attorney. *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d. 656 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982); *see also In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 295 (Bankr. N.D. Ohio 2001) (concluding that "a lay person who prepares a bankruptcy petition and schedules on behalf of an LLC is engaged

---

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 1112(b)**          **Page 4**

in the unauthorized practice of law and a case commenced by the filing of such a petition is appropriately dismissed.").

15.     The local bankruptcy rules proscribe business entities from commencing a case or appearing in court without counsel:

> Only an individual may file a voluntary bankruptcy petition or appear in court without being represented by a licensed attorney. All other entities, including partnerships, corporations and trusts may not, without counsel, appear in court or sign pleadings, including the petition. If a debtor that is not an individual files a petition without legal counsel, the Presiding Judge may dismiss the case without notice, either *sua sponte*, or on motion of a party in interest.

L.B.R. 1002-2.

16.     As Upfront is a limited liability company without bankruptcy counsel, the local bankruptcy rules did not permit Mr. Trujillo to sign the Petition on behalf of Upfront and the Court "may dismiss the case without notice. . . or on motion of a party in interest." *See* L.B.R. 1002-2.

## **PRAYER**

Wherefore, the United States Trustee respectfully requests that the Court enter an order dismissing this case and grant any other relief to which the United States Trustee may be entitled.

Dated: March 5, 2025

Respectfully submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Asher M. Bublick*
Asher M. Bublick
Texas State Bar No. 24113629
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967
asher.bublick@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 5, 2025, that I sent a copy of the forgoing document via ECF and via first class United States mail to the following and the attached service list:

*/s/ Asher M. Bublick*
Asher M. Bublick

Upfront Investment LLC
5600 SMU Blvd
Ste 3327
Dallas, TX 75206

Label Matrix for local noticing
0539-3
Case 25-30795-swe11
Northern District of Texas
Dallas
Wed Mar  5 14:28:16 CST 2025

Upfront Investment LLC
5600 SMU Blvd
Ste 3327
Dallas, TX 75206-5287

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

Dallas County Tax Office
500 Elm Street Suite 3300
Dallas, TX 75202-3330

Loan Ranger Capital
5000 Plaza on the Lake #180
Austin, TX 78746-1087

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

End of Label Matrix
Mailable recipients     5
Bypassed recipients     0
Total                   5